60  587
165s 138

## William J. Jefferson v. Jameson & Morse Company.

1. LANDLORD AND TENANT—*License to Make Improvements.*—A landlord's license to make improvements involves an undertaking on his part that the work, if done, shall be performed in such a manner as to cause no unnecessary damage to the tenant.

2. RECOUPMENT—*In Actions for Rent.*—In an action for rent, the tenant may recoup damages done to his goods by reason of the breaking of a water pipe, etc., to the extent of such damages, but he can not have a judgment for the excess, as in set-off.

Assumpsit, for rent. Appeal from the Superior Court of Cook County; the Hon. GEORGE F. BLANKE, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

### STATEMENT OF THE CASE.

This was an action of assumpsit, brought by appellant to recover rent of the second floor of the building 175 Monroe street, Chicago, Illinois, under two leases executed by the appellee.

Besides the general issue, the appellee set up in its plea that during the tenancy, while the appellant was putting on two additional stories on his building, and making other alterations, a drain pipe was broken and the water flooded its premises and did damage to its property, and that it and the appellant submitted the matter to arbitration, and that the arbitrators appraised the damage at $591.30, which sum appellant agreed to pay, and appellee to receive, in satisfaction of said damage. Appellee also pleaded a set-off in the usual consolidated common count form, as for goods sold, etc.

On the trial the leases were admitted in evidence, without objection, the occupancy of the premises by the appellee, and the amount due for rent being proved by the appellant. It was proved that the appellant and appellee entered into a written agreement by which appellee consented to the making of said improvements, and the appellant agreed to pay $15 for each day that appellee was interrupted in its business, and $50 for cleaning up thereafter, and a new lease was to be given, and that after the work was done it was agreed that appellant was to allow appellee $200 as such compensation.

It was proved by the appellant that he contracted with a competent and experienced builder to do the work of putting on the additional stories, and making the other alterations, and that the appellant took and had no control, supervision, or direction over the work, or the contractor or his workmen, and, save as owner engaging such contractor, had nothing to do with the breaking of the drain pipe, which caused the flooding of the premises of the appellee. The breaking of the pipe and consequent damage to appellee during the progress of, and in consequence of, the doing of this work, was not disputed.

The court gave judgment for the appellee for costs, holding that the damages caused by the breaking of the drain pipe, $591.30, and the sum agreed by the parties under the written agreement, $200, could be deducted from the rent due, but refused to give judgment against appellant for any sum.

M. J. DUNNE, attorney for appellant.

MATTHEWS & HUGHES, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant having obtained from appellee license to go upon its premises and make certain improvements upon a building he owned, let the work out to competent and ex-

perienced builders, giving them entire control over the same, and surrendering all supervision and direction over the manner of doing the work.

In making the improvements a drain pipe was broken and the goods of appellee were damaged in consequence of such breaking.

Appellant contends that he is not liable for this, because he did not do the work, but let the same out to independent contractors, retaining no control over them.

Appellant's license to make the improvements involved an undertaking upon his part that the work, if done, should be performed in such manner as to cause no unnecessary damage to appellee.

The rule as to independent contractors can never be evoked to relieve a party from a liability he has, by contract, assumed. Waller v. Lasher, 37 Ill. App. 609, 614.

Appellant contracted with appellee for permission to do the work, and thus obtained the right to cause such damage as necessarily ensued therefrom. The verdict of the jury must be taken as establishing that the breaking of the drain pipe was unnecessary. Had the breaking of this pipe caused injury only to a stranger, one toward whom appellant sustained no contractual relations, and this action were by such stranger, the case would be very different.

The judgment of the Superior Court is affirmed.